UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                        Plaintiff,<br><br>v.<br><br>DAVID GRUMMER,<br><br>                                        Defendant. | Case No.:  08-CR-4402-DMS<br><br>**ORDER DENYING MOTION FOR SENTENCE MODIFICATION UNDER 18 U.S.C. § 3582(C)** |

On December 22, 2020, Defendant David Grummer filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The United States filed a response in opposition, Defendant filed a reply, and the United States filed a supplemental response. For the reasons given herein, the Court denies Defendant's motion.

**I.**

**BACKGROUND**

On June 24, 2010, a jury convicted Defendant Grummer of eighteen counts of receiving child pornography and five counts of possessing child pornography. (ECF Nos. 60, 66.) Defendant was sentenced to 295 months in prison, followed by fifteen years of supervised release. (ECF No. 76.) Defendant is currently incarcerated at FCI Terminal Island, and his projected release date is February 22, 2031. (ECF No. 117 at 3, 4.)

Defendant is fifty-five years old; he suffers from chronic heart disease, hypertension, and asthma. (*Id.* at 3.) He had heart surgery in 2012, a heart attack in 2015, and takes medication for atrial fibrillation and flutter. (*Id.*) Based on these allegations and the risks associated with COVID-19, Defendant filed the present motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), seeking a reduction of his sentence to time served. (*See generally id.*) The United States opposes Defendant's motion. (ECF No. 122.)

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act ("FSA") is such a statute. *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow the defendant to move the district court for compassionate release after exhausting the Bureau of Prisons ("BOP") process.

Section 3582(c) of Title 18 of the United States Code provides that a court may not modify a term of imprisonment except "upon motion of Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Administrative exhaustion is a prerequisite to filing the motion in district court, and "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it." *United States v. Mondaca*, No. 89-cr-0655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal quotation marks and citations omitted). Here, Defendant submitted a request for compassionate release to the warden of FCI Terminal Island, which was denied on December 7, 2020. (Exs. A–B to ECF No. 117.) Accordingly, the Court addresses the merits of Defendant's motion.

As relevant here, the FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a sentence reduction and the reduction complies with the sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).  Further, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The relevant policy statement, United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 requires the court to find the defendant "is not a danger to the safety of any other person or to the community."[1]  Defendant contends he meets the foregoing criteria.  As the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

1. Extraordinary and Compelling Reasons

Defendant asserts he is eligible for compassionate release because his medical conditions, especially his heart problems, make him particularly susceptible to COVID-19 in a custodial setting.  The Sentencing Guidelines provide that extraordinary and compelling reasons may exist for compassionate release where a defendant suffers from, among other conditions, "a serious physical or mental condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1(A)(ii).

Defendant argues the Court is free to determine what constitutes "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A).  Some courts have held that district courts have discretion to determine "extraordinary and compelling reasons" for the purpose of compassionate release because U.S.S.G. § 1B1.13 is not binding on district courts. *See, e.g.*, *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020).  The Ninth Circuit has yet to

---

[1] Even if U.S.S.G. § 1B1.13 does not apply to district courts' consideration of compassionate release motions, the court must nonetheless consider dangerousness as part of the § 3553(a) factors. *See* 18 U.S.C. § 3553(a)(2)(C) (sentence must be sufficient to "protect the public from further crimes of the defendant").

rule on this issue. Even if this Court were to follow the reasoning in *Brooker* and similar cases, Defendant fails to establish "extraordinary and compelling reasons" warranting compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

The United States contends Defendant's health conditions do not rise to level of "extraordinary and compelling reasons," especially since he has now been vaccinated against COVID-19. Defendant received both doses of the Pfizer COVID-19 vaccine: the first on December 30, 2020, and the second on January 20, 2021. (ECF No. 131.) Defendant acknowledges that he has been vaccinated, but questions the efficacy of the vaccine in a congregate environment or against mutations of the virus.

The Court agrees with the United States. Although Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19. Other courts to address the issue have reached similar conclusions. *See United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *5 (W.D. Wash. Jan. 29, 2021) ("[B]ecause [defendant] has already been infected and vaccinated, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release."); *United States v. Henderson*, No. 14-cr-00307-BAS-1, Dkt. No. 74 (S.D. Cal. Jan. 27, 2021) (defendant with asthma and obesity failed to show "extraordinary and compelling reasons" where vaccination "largely dissipated" her chances of COVID-19 reinfection or relapse). Accordingly, Defendant has not met his burden to demonstrate "extraordinary and compelling reasons" warranting compassionate release.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# III.

# CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is respectfully denied.

**IT IS SO ORDERED.**

Dated: February 16, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court